2009 MT 259N
IN RE THE MATTER OF RICHARD RENN'S ATTORNEY FEES
ERENE BRIESE, Petitioner and Appellee,
v.
MONTANA ASSOCIATION OF COUNTIES, WORKERS COMPENSATION TRUST, and JOANNE BRIESE, Respondents and Appellees.
No. DA 08-0635.
Supreme Court of Montana.
Submitted on Briefs: July 15, 2009.
Decided: August 4, 2009.
For Appellant: Richard H. Renn, Attorney at Law (Self-Represented), Billings, Montana.
For Appellee Joanne Briese: Patrick R. Sheehy, Attorney at Law, Billings, Montana.
For Appellees Justin and Joshua Briese: Joe C. Maynard, Attorney at Law, Billings, Montana.
For Appellee MACo Workers' Compensation Trust: Norman H. Grosfield, Attorney at Law, Helena, Montana.
Justice PATRICIA O. COTTER delivered the Opinion of the Court.
¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.
¶2 Richard H. Renn (Renn) appeals from an order of the Workers' Compensation Court (WCC) denying his petition for an award of attorney fees. We affirm.
¶3 On November 3, 2006, David LeRoy Briese, Jr. (David) was killed while working as a Yellowstone County Sheriff's deputy. At the time, David and Erene Briese (Erene) were estranged and in the process of divorcing. David and Erene had two minor children, both of whom were living with David at the time of his death. After David's death, the children went to live with David's mother, Joanne Briese (Joanne).
¶4 In November 2006, Erene retained Renn to represent her in a workers' compensation claim seeking benefits arising from David's death. While there was no dispute that death benefits themselves were payable, there was a dispute concerning who should receive those benefits. As the surviving spouse, Erene contended she was the sole beneficiary of the benefits and that her two minor children were not beneficiaries. Renn argued this position on her behalf.
¶5 Eventually, in October 2008 Erene entered into a settlement agreement wherein she stipulated and agreed that the minor children would receive 100 percent of any and all workers' compensation benefits arising from David's death. Erene further agreed that the benefits would be placed in a trust account that would be administered by a conservator on behalf of the children.
¶6 Renn subsequently filed a claim for attorney fees before the WCC. Renn premised his claim for attorney fees on an Attorney Retainer Agreement between himself and Erene. The agreement stated that Renn would be entitled to a percentage of Erene's recovery that was "due to the efforts of the attorney." The WCC rejected Renn's claim. The WCC noted that the receipt of benefits by the children was "despite Renn's efforts to have [Erene] declared the sole beneficiary, to the exclusion of the children." Since the award of benefits was not "due to" Renn's efforts, the WCC held that Renn was not entitled to the attorney fees he was seeking.
¶7 Renn now appeals the denial of his claim for attorney fees. Whether a party is entitled to attorney fees based on a contractual agreement presents a question of law. Chase v. Bearpaw Ranch Assn., 2006 MT 67, ¶ 14, 331 Mont. 421, 133 P.3d 190. We review the WCC's conclusions of law de novo for correctness. Narum v. Liberty Northwest Ins. Corp., 2009 MT 127, ¶ 25, 350 Mont. 252, 206 P.3d 964.
¶8 The WCC correctly concluded that Renn was not entitled to attorney fees under the retainer agreement. The agreement states that Renn is entitled to a percentage of Erene's recovery which is due to his efforts. Erene did not recover any benefits. Further, Renn actually argued that the children should not be the beneficiaries of David's benefits. Because the outcome of the case was the opposite of the position advocated by Renn, the recovery in this case was plainly not due to Renn's efforts.
¶9 We have determined to decide this case pursuant to Section 1, Paragraph 3(d)(v) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the record before us that the WCC did not err in denying Renn's motion for attorney fees. Affirmed.
MIKE McGRATH, JAMES C. NELSON, JOHN WARNER and W. WILLIAM LEAPHART, concur.